| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Charles H. Manh, Esq.            SBN 138290<br>Van N. Dao, Esq.               SBN 225053<br>CHARLES H. MANH, P.C.<br>8990 Westminster Boulevard, 2nd Floor<br>Westminster, CA 92683<br>Tel. (714) 898-0708<br>Fax (714) 373-2796<br>Email: charlesmanhpc@gmail.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors, Hong Tran Huynh and Jason Huynh | **FILED & ENTERED**<br><br>OCT 20 2017<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bakchell  DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>HONG TRAN HUYNH AND JASON HUYNH<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-34213-RK<br>CHAPTER: 7<br><br>**ORDER  ☐ GRANTING   ☒ DENYING**<br>**MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒  No hearing held<br>☐  Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |

**Creditor Holding Lien to be Avoided** (*name*)*:* AMERICAN EXPRESS BANK, FSB

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐  Notice of this Motion complied with LBR 9013-1(d).

2. ☐  Notice of this Motion complied with LBR 9013-1(o).

   a. ☒  There was no opposition and request for hearing.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                        Page 1                                        **F 4003-2.1.AVOID.LIEN.RP.ORDER**

    b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:

    a. Street address (*specify*): 2817 Harvey Way, Lakewood, CA 90712

    b. Legal description (*specify*):         ☒ See attached page

4. Recording information regarding lien to be avoided:

    a. Date of recordation of lien (*specify*): <u>08/25/2011</u>.

    b. Recorder's instrument number or map/book/page number (*specify*): 20111148635

5. ☐ Motion granted:

    a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

    b. ☐ The judicial lien is void and unenforceable:

        (1) ☐ In its entirety

        (2) ☐ In the following amount *only*: $ _____. The balance of $ _____ remains a valid and enforceable lien against the property.

    c. Unless otherwise ordered, any claim(s) that were secured by the avoided lien(s) are to be treated as general unsecured claim(s) and are to be paid pro-rata with all other unsecured claims.

6. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

    a. ☒ Insufficient notice

**Debtor's lien avoidance motion under 11 U.S.C. 522(f) is a contested matter under Fed. R. Bankr. P. 9014. See In re Frates, 507 B.R. 298, 302 (9th Cir. 2014). As indicated on the abstract of judgment, the affected lienholder is American Express Bank, FSB, which is an FDIC insured depository institution (FDIC #35328), which must be served by certified mail pursuant to Fed. R. Bankr. P. 7004(h), 4003(d) and 9014. In re Frates, 507 B.R. at 302. The proof of service for the motion shows that Debtor served counsel for the lienholder in the state court litigation, but not the lienholder itself, unless the evidence shows that state court counsel is authorized to accept service for the lienholder in this bankruptcy case, which has not been shown. In re Villar, 317 B.R. 88 (9th Cir. BAP 2004); see also, In re Frates, 507 B.R. at 302-303 (holding that service of lien avoidance motion on corporate lienholder by certified mail to attention of officer of corporation pursuant to Fed. R. Bankr. P. 7004(h), but service on lienholder as judgment creditor in accordance with state law is not required). As the Bankruptcy Appellate Panel held in Villar, service on state court counsel is insufficient service for procedural due process purposes unless there is evidence showing that state court counsel is authorized to accept service in the bankruptcy case. In re Villar, 317 B.R. at 93-94. The abstract of judgment from 2011 listed the address of state court counsel as the address of the lienholder, but it is not shown that this is still correct now in 2017, or that state court counsel is authorized to accept service in this bankruptcy case for the lienholder. Otherwise, Debtor must serve the affected lienholder, American Express Bank, FSB, at a proper address, such as the official address listed for the bank on the FDIC BankFind webpage by certified mail to the attention of an officer of the institution designated by the institution pursuant to Fed. R. Bank. P. 7004(h). In re Frates, 507 B.R. at 302-303.**

    b. ☐ Insufficient evidence of the exempt status of the property in question

    c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

    d. ☐ Insufficient evidence of fair market value.

    e. ☐ Motion is incomplete.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*     Page 2     **F 4003-2.1.AVOID.LIEN.RP.ORDER**

f. ☐ Other (*specify*):

7. ☒ The court further orders as follows (*specify*):
   **The court grants leave to Movant to file an amended motion to avoid lien which corrects this deficiency within 60 days of entry of this order.**

☐ See attached page

### 

Date: October 20, 2017

*[signature]*

Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 3    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

LEGAL DESCRIPTION

Real Property in the City of Lakewood, County of Los Angeles, State of California, described as follows:

Lot 197 of Tract 17230, in the City of Lakewood, County of Los Angeles, State of California, as per map recorded in Book 425, Page(s) 12 to 16 inclusive of Maps, in the office of the County Recorder of said County.

Excepting Therefrom all oil, gas, minerals and other hydrocarbon substances below a depth of 500 feet, without rights of surface entry, as reserved in Instruments of Record.

Assessor's Parcel No: 7151 018 028

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 4                        **F 4003-2.1.AVOID.LIEN.RP.ORDER**